J-S58026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HAEN PETER AYALA, | |
| Appellant | No. 159 MDA 2017 |

Appeal from the PCRA Order December 19, 2016
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001465-2013

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:          **FILED DECEMBER 18, 2017**

Appellant, Haen Peter Ayala, appeals *pro se* from the order denying his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows:

> On August 16, 2013, [Appellant] pled guilty in the above-captioned case to one count of aggravated indecent assault on a person less than 16 years of age.[1]  In exchange, the 6 other charges pending against [Appellant] were nolle prossed.  The charges arose between October of 2012 and May of 2013, when [Appellant] engaged in sexual intercourse with a 15-year-old girl.  On December 11, 2013, [Appellant] was sentenced to 5 to 10 years.  [Appellant] was represented by Joseph Kalinowski at the guilty plea and David Cherundolo at the sentencing.

_____

[1] 18 Pa.C.S. § 3125(a)(8).

- 1 -

On May 30, 2014, [Appellant] filed a Petition for Post Conviction Collateral Relief. Kurt Lynott, Esq. was appointed to represent [Appellant]. On August 6, 2014, Mr. Lynott filed a Motion to Withdraw as Counsel Pursuant to a Turner-Finley Letter. On October 21, 2014, this court granted the motion to withdraw and issued a Notice of Intent to Dismiss the petition. On January 8, 2015, the court dismissed the petition.

On August 24, 2016, [Appellant] filed a second Petition for Post Conviction Collateral Relief.

Amended Memorandum and Notice of Intent to Dismiss, 11/15/16, at 1-2.

On November 7, 2016, the PCRA Court issued a memorandum and notice of intent to dismiss, and on November 15, 2016, issued an amended memorandum and notice of intent to dismiss. Appellant filed a response on December 19, 2016. The PCRA court dismissed Appellant's PCRA petition by order entered December 19, 2016.[2] Appellant filed a timely notice of appeal on January 18, 2017.

Appellant presents the following issues for our review:

A. Did the PCRA court err as a matter of law by dismissing Appellant's second subsequently filed PCRA petition as untimely filed and not meeting any of the three (3) exceptions provided pursuant to 42 Pa.C.S. §9545(b)(1)(i)-(iii)?

---

[2] We note that the PCRA court order entered December 19, 2016, indicates that Appellant did not file a response to the PCRA court's notice of intent to dismiss. The record, however, indicates that Appellant's response to the PCRA court's November 15, 2016 amended memorandum and notice of intent to dismiss was filed December 19, 2016. This oversight, however, does not impact the outcome of this matter for reasons discussed in the Memorandum.

B. Is Appellant serving an illegal sentence which was imposed under a mandatory minimum statute which has since been determined to be unconstitutional and therefore, is Appellant entitled to resentencing as a direct result?

Appellant's Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Cintora*, 69 A.3d 759, 762 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).  **Carr**, 768 A.2d at 1167.

Appellant's judgment of sentence became final on January 10, 2014, when the time for filing a direct appeal to this Court expired.  **See** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the

_____

[3]  The exceptions to the timeliness requirement are:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P. 903. Therefore, Appellant had to file the current PCRA petition in this matter by January 10, 2015, in order for it to be timely.

Appellant filed the instant PCRA petition, his second, on August 24, 2016. Accordingly, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). This is true despite the fact that Appellant's petition presents a challenge to the legality of his sentence. **See Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa. Super. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Appellant argues that he is serving an illegal sentence imposed under a mandatory minimum statute, 42 Pa.C.S. § 9718, which has since been determined to be unconstitutional. Appellant's Brief at 12. Appellant maintains that his instant PCRA petition is timely as it falls within the third

exception of a retroactive constitutional right at 42 Pa.C.S. 9545(b)(1)(iii). *Id.* at 10. Appellant asserts that his petition meets this exception because it was filed within sixty days of the Pennsylvania Supreme Court's ruling in the matter of *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016). *Id.* at 8, 10.

We first note that the mandatory minimum sentences outlined in 42 Pa.C.S. § 9718(a) do not apply to the crime to which Appellant pled guilty, specifically 18 Pa.C.S. § 3125(a)(8). *See* 42 Pa.C.S. § 9718(a) (providing mandatory minimum sentences for violations of 18 Pa.C.S. § 3125(a)(1)-(7)). In other words, 18 Pa.C.S. § 3125(a)(8) does not carry a mandatory minimum sentence. Moreover, at the guilty plea hearing, the Commonwealth acknowledged there were no mandatory minimum sentences that would be triggered by Appellant's plea to that charge. N.T., 8/16/13, at 2, 5. Furthermore, there is no indication in the sentencing transcript that Appellant was sentenced pursuant to a mandatory minimum. N.T., 12/11/13, at 8. Thus, Appellant's argument that he was illegally sentenced as a result of an imposition of a mandatory minimum sentence lacks merit.

Additionally, in *Wolfe*, our Supreme Court held that 42 Pa.C.S. § 9718, the statute providing a mandatory minimum sentence for involuntary deviate sexual intercourse crimes, is unconstitutional under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *Wolfe*, 140 A.3d at 663. Accordingly, the *Wolfe* Court did not recognize a new constitutional

right, let alone hold that any such right applied retroactively; rather, **Wolfe** merely applied **Alleyne** on direct appeal to hold Section 9718 was unconstitutional. **Id.** at 660-663. Moreover, it is well-settled that **Alleyne** does not invalidate a mandatory minimum sentence when the claim is raised in an untimely PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014)("though not technically waivable, a legality of sentence claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim."). Therefore, had Appellant been sentenced to a mandatory minimum, his reliance on **Wolfe** would not establish the PCRA exception for a new retroactive constitutional right pursuant to 42 Pa.C.S. § 9545(b)(1)(iii).

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2017